Filed 9/22/21  P. v. Crist CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LAWRENCE WILLIAM CRIST,<br><br>    Defendant and Appellant. | 2d Crim. No. B306311<br>(Super. Ct. No. 2019039659)<br>(Ventura County) |

Lawrence William Crist appeals the judgment entered after he pleaded guilty to possessing methamphetamine for sale (Health & Saf. Code, § 11378).  The trial court sentenced appellant to two years felony jail and awarded him 237 days of presentence custody credit.  Appellant was also ordered to pay a $1,200 restitution fine (Pen, Code,[1] § 1202.4, subd. (b)), a $503.87 booking fee (Gov. Code, § 29550, former § 29550.1), a $2,060

---

[1] All statutory references are to the Penal Code unless otherwise stated.

presence investigation fee (former § 1203.1b), a $50 lab analysis fee (Health & Saf. Code, § 11372.5), and a drug program fee and associated penalty assessments totaling $600 (*id.*, § 11372.7). Appellant contends the court erred in imposing these fines, fees and assessments without holding a hearing on his ability to pay them. We vacate the presentence investigation and booking fees, reverse the remaining challenged fines, fees and assessments, and remand for an ability to pay hearing.

**FACTS AND PROCEDURAL HISTORY**

Because appellant pleaded no contest prior to trial, the relevant facts are derived from the reporter's transcript of the preliminary hearing. On December 4, 2019, appellant was arrested on an outstanding warrant. Appellant was searched and found to be in possession of a small amount of heroin. During a search of appellant's apartment and vehicle, detectives recovered over 148 gross grams of methamphetamine as well as digital scales, plastic baggies, and a loaded firearm magazine.

Appellant was charged with and pleaded not guilty to being a person prohibited from possessing a firearm or ammunition (§ 30305, subd. (a)(1)) and possessing methamphetamine for sale (Health & Saf. Code, § 11378). He subsequently withdrew his plea and pleaded guilty to possessing methamphetamine for sale. In his felony disposition statement, appellant acknowledged among other things that he would be "ordered to pay a restitution fine of not less than $300 and not more than $10,000" and "must prepare and file a disclosure of all assets, income, and liabilities" as provided in section 1202.4. Appellant further acknowledged that he "may be ordered to pay" a $50 lab analysis fee pursuant to Health and Safety Code section 11372.5, a $150 drug program

2

fee under Health and Safety Code section 11372.7, and associated penalty assessments.

Appellant subsequently filed a personal financial statement reflecting that he currently had no job, assets, or other source of income. The probation report, which made no mention of appellant's personal financial statement or his ability to pay fines and fees, recommended that he be ordered to pay a $503.87 booking fee under Government Code section 29550 and former section 29550.1, a $1,200 restitution fine pursuant to section 1202.4, subdivision (b), a $50 lab analysis fee pursuant to Health and Safety Code section 11372.5, and "a fine [drug program fee] of $600, including penalty assessment," pursuant to Health and Safety Code section 11372.7.[2] The probation officer also recommended that "[t]he Court find that the defendant has the ability to pay for the cost of the presentence investigation in the amount of $2,060 and the Court order[] the defendant to pay such costs."

At the sentencing hearing, the trial court imposed all of the fines, fees and assessments recommended by the probation officer. At defense counsel's request, the court found that appellant did not have the ability to pay a $300 public defender fee (Gov. Code, former § 27712). The court expressly found, however, that appellant had the ability to pay the $2,060 presentence investigation fee.

At the conclusion of the hearing, appellant asked the court if he had the right to appeal the fines, fees and assessments. Defense counsel stated that appellant "was asking to reduce any

_____

[2] It is unclear how the probation officer calculated the drug program fee and related penalty assessments under Health and Safety Code section 11372.7.

3

fines or fees at least stay them." Appellant explained: "I'm on aid. I'm on food stamps. You know what I mean? So I don't have the means right now to pay the fees, the fines. You know, I just—I got to work. I feel they should be waived, or I'll be in the same situation that I was in last time."

The court responded: "I appreciate you speaking up. . . . [T]his is the time and place for you to make any objections as far as the Court imposing the fines. I'm going to take that as you making that objection now, and, for the record, you cited *People* [*v.*] *Dueñas* [(2019) 30 Cal.App.5th 1157 (*Dueñas*)]. It is this Court's opinion, although *Dueñas*, I believe, is still good law . . . , there have been other decisions that have analyzed the issue a little differently. They've analyzed it under more of an 8th Amendment cruel and unusual disproportionate [*sic*], and based on the charges, based on your criminal history, based on the underlying facts, I don't believe that they are excessive, and I believe they are appropriate. So your objection is noted, and it's overruled." The court then made clear that appellant had the right to appeal its ruling.

## DISCUSSION

Appellant contends the trial court erred in ordering him to to pay a $1,200 restitution fine (§ 1202.4, subd. (b)), a $503.87 booking fee (Gov. Code, § 29550, former § 29550.1), a $2,060 presentence investigation fee (former § 1203.1b), a $50 lab analysis fee (Health & Saf. Code, § 11372.5), and a drug program fee and associated penalty assessments totaling $600 (*id.*,

4

§ 11372.7), without holding a hearing to determine his ability to pay. We agree.[3]

Imposition of the restitution fine, the presentence investigation fee, and the drug program fee and related penalty assessments were all contingent upon a finding of appellant's ability to pay. (§ 1202.4, subd. (b) [restitution fine over $300]; former § 1203.1b [presentence investigation fee]; Health & Saf. Code, § 11372.7, subd. (b) [drug program fee].) "Where, as in this case, a statute posits ability to pay as a precondition of a requirement to pay a fee, . . . the defendant has the right to a determination of his ability to pay the fee before the court may order payment. [Citation.]" (*People v. Neal* (2018) 29 Cal.App.5th 820, 826.) Because appellant asserted an inability to pay and submitted a personal financial statement indicating that he had no current income or assets, and there is no evidence in the record to refute that statement, the court erred in imposing the restitution fine, the presentence investigation fee, and the drug program fee and related assessments without holding an ability to pay hearing.

---

[3] We reject the People's assertion that the appeal must be dismissed because appellant's notice of appeal was not filed within 60 days of the date of the judgment, as required under rule 8.406(a)(1) of the California Rules of Court. Although appellant's notice of appeal was not filed in the Ventura County Superior Court until June 10, 2020, i.e., 76 days after he was convicted and sentenced, we grant appellant's request for judicial notice of the court's order reflecting that the clerk's office was closed from March 19, 2020 until June 10, 2020 due to the COVID-10 pandemic.

Moreover, presentence investigation fees imposed under former section 1203.1b and booking fees imposed under former Government Code section 29550.1 are no longer valid or enforceable because both sections were repealed on July 1, 2021. Section 1465.9 and Government Code section 6111, which both became effective on July 1, provide that on and after that date the unpaid balance of any such fees imposed by the court "shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." (§ 1465.9, subd. (a); Gov. Code, § 6111, subd. (a).) Accordingly, we shall order the judgment vacated to the extent those fees were imposed.

In addition, the People concede that the $50 lab analysis fee under Health and Safety Code section 11372.5 should not have been imposed without a determination of appellant's ability to pay. This fee is "not punitive in nature, and we agree that 'imposing unplayable fines on indigent defendants is not only unfair, it serves no rational purpose, fails to further the legislative intent, and may be counterproductive.' [Citation.]" (*People v. Kopp* (2019) 38 Cal.App.5th 47, 95, review granted Nov. 13, 2019, S257844.)

Accordingly, we vacate the order imposing the presentence investigation and booking fees, reverse the remaining challenged fines, fees and assessments, and remand for an ability to pay hearing. In doing so, we note that appellant bears the burden of proving his inability to pay and that he evaluation of this issue includes his future ability to pay. (*People v. Montes* (2021) 59 Cal.App.5th 1107, 1122.)

## DISPOSITION

The order imposing a $2,060 presentence investigation fee (former § 1203.1b) and a $503.87 booking fee (former Gov. Code,

§ 29550.1) is vacated.  The order imposing a $1,200 restitution fine (§ 1202.4, subd. (b)), a $50 lab analysis fee (Health & Saf. Code, § 11372.5), and a drug program fee and associated penalty assessments totaling $600 (*id.*, § 11372.7), is reversed.  On remand, the trial court shall hold a hearing on appellant's ability to pay the restitution fine, lab analysis fee, and drug program fee and associated penalty assessments.

NOT TO BE PUBLISHED.


PERREN, J.

We concur:


GILBERT, P.J.


TANGEMAN, J.

7

Gilbert Romero, Judge

Superior Court County of Ventura

_____

John Derrick, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, and Rama R. Maline, Deputy Attorney General, for Plaintiff and Respondent.